PER CURIAM:
The claimant brought this action for damage to his 1992 Eagle Talon, which occurred when the vehicle encountered a large hole on a road maintained by the respondent in Marion County.
The incident giving rise to this claim occurred on May 24, 1998, at approximately 6:45 a.m. The claimant was driving southeast on WV Route 17 between Fairview and Barrackville. Route 17 in this area is a two-lane paved road that is second priority in terms of maintenance. The road curves to the left in this area and there is a rock cliff on the left side and a drop off to a creek on the right. The evidence at hearing established that as the claimant proceeded around this turn, his vehicle struck a large hole, resulting in two damaged aluminum wheel rims on the passenger side. The claimant submitted a number of repair estimates in the approximate amount of $884.00. The claimant’s insurance deductible was $1,000.00.
Route 17 in this area is 20 feet wide, with 10-foot lanes. The hole in question was described as approximately 14 inches wide and eight inches long, located approximately in the middle of the claimant’s lane. The claimant was familiar with the road. He testified that he was driving approximately 40 miles per hour, the posted speed limit, and that he did not see the hole in time to avoid it. The claimant indicated that school children often walk on the edge of his lane, and that his vehicle was closer to the center line for safety. It was the respondent’s position that it had no prior notice of this road defect.
*162 In order to hold the respondent liable for road defects of this sort, the claimant must prove that the respondent knew or should have known of the defect giving rise to the claim. The evidence establishes that the hole in question was of significant breadth. The Court is of the opinion that a hole of this size would have developed over some time, and that the respondent had reason to know of this road defect. Hamon vs. Dept. of Highways, 16 Ct.Cl. 127 (1986). However, the Court is also of the opinion that the claimant is one third at fault for failing to exercise due care given the poor visibility and design and location of the road in this area. Therefore, in view of the foregoing, and in accordance with the principles of comparative negligence, the Court does hereby make a comparative award in the amount $583.44 ($884 x .66 percent = 583.44.)
Award of $583.44.